Debra L. CAMPBELL, Plaintiff
Below, Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY, a
foreign corporation, Defendant Below,
Appellee.

No. 349, 2010.

Supreme Court of Delaware.

Submitted: Jan. 12, 2011.
Decided: Jan. 18, 2011.

Philip M. Finestrauss, Esquire, Philip M. Finestrauss, P.A., Wilmington, Delaware, for appellant.

Patrick G. Rock, Esquire, Heckler & Frabizzio, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The plaintiff-appellant, Debra Campbell ("Campbell"), appeals from the May 12, 2010, Superior Court's decision granting the defendant-appellee State Farm's motion for summary judgment and denying Campbell's motion for a declaratory judgment. Campbell argues that her personal injuries arose out of the ownership, use or maintenance of the motor vehicle insured by State Farm and, that as a result of her injuries, she is entitled to Personal Injury Protection ("PIP") coverage under title 21, section 2118 of the Delaware Code. Specifically, Campbell alleges that the Superior Court erred in concluding that the insured vehicle was not an "active accessory" in causing her injuries and in holding that Campbell was therefore not entitled to PIP coverage under the statute and the State Farm policy. We have concluded that those arguments are without merit. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

On February 5, 2007, Debra Campbell was working as a house cleaner for Suzy Nashed ("Nashed"), a State Farm insured. When Campbell completed her work, she opened a garage door at the Nashed home by pushing a button on the wall inside the garage and began loading her equipment into a car parked on the street. During this time, Nashed returned home and pulled into the driveway in front of a second garage door that was closed.

Nashed pressed one button on the device in her car to open the garage door that she wanted to drive into and then pushed a second button to close the door that Campbell had previously opened. While the door Campbell had opened was closing, Campbell tried to walk under it. The door hit Campbell's shoulder and caused her injuries.

Campbell filed a complaint seeking No–Fault benefits as a pedestrian under the automobile insurance policy issued by State Farm to Nashed. Campbell also filed a motion for a declaratory judgment, seeking a determination that she was entitled to Personal Injury Protection benefits under title 21, section 2118(a)(1) of the Delaware Code. State Farm then cross-filed a motion for summary judgment.

After hearing oral arguments, the Superior Court issued a bench ruling that granted State Farm's motion for summary judgment and denied Campbell's motion for a declaratory judgment. The Superior Court held that the insured vehicle was not an "active accessory" in causing the injuries to Campbell. Therefore, the Superior Court concluded that Campbell was not entitled to PIP benefits because Campbell's injuries did not arise from the ownership, use or maintenance of the insured vehicle.

### Bodily Injury By Vehicle Nexus Test

■ The State Farm automobile insurance contract issued to Nashed follows the requirements of the Delaware No–Fault Statute, which requires coverage for "bodily injury ... arising out of ownership, maintenance or use of the vehicle."[1] In *Nationwide General Ins. Co. v. Royal,*[2]

---

1. Del.Code Ann. tit. 21, § 2118(a)(1).

2. *Nationwide Gen. Ins. Co. v. Royal,* 700 A.2d 130 (Del.1997).

this Court adopted a three-part test, which was initially articulated by the Minnesota Supreme Court in *Continental Western Ins. Co. v. Klug*,[3] to determine whether a bodily injury occurred from ownership, maintenance or use of a motor vehicle.[4] The *Klug* test considers:

1) Whether the vehicle was an "active accessory" in causing the injury, which is something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury;

2) whether there was an act of independent significance that broke the causal link between the use of the vehicle and the injuries inflicted; and

3) whether the vehicle was used for transportation purposes.[5]

In *Nationwide General Ins. Co. v. Royal*, an insured sought UIM coverage for injuries she sustained when she was struck inside a mobile home by shots fired from a passing vehicle.[6] Applying the *Klug* test, this Court held that the vehicle from which the shots were fired was not an "active accessory" in the shooting because the vehicle was "not an essential or even significant element in the events that led to Royal's injuries."[7] In *Royal*, finding the failure to satisfy the first prong of the *Klug* test to be dispositive, this Court concluded that the injuries did not occur from the ownership, maintenance or use of a motor vehicle.[8] In *Sanchez v. American Independent Ins. Co.*,[9] this Court also applied the *Klug* test in an action seeking PIP coverage under title 21, section 2118 of the Delaware Code.[10] There, a passenger was shot while riding in a car.[11] In *Sanchez*, this Court explained that when the injury would just as easily have been caused without the vehicle's involvement, the fact that the shooting victim was a passenger does not transform the occurrence into an automobile accident.[12]

### *No Automobile/Bodily Injury Nexus*

In this case, Campbell testified that she was walking under the garage door when the incident occurred. The garage door that injured Campbell was not the garage door Nashed was using to park her car in the garage, but was the other door left open by Campbell. Because the garage door could have been closed by Nashed with the button on the wall instead of the device in Nashed's vehicle and Campbell's injuries would have been the same, the presence of Nashed's vehicle had nothing to do with the injuries.

The fact that a device inside a vehicle was used to close the garage door, which had been opened by a button on a wall, does not transform the incident into an "automobile accident." The injury to Campbell was caused by the garage door, not the insured vehicle. Because Campbell has failed to show that that the vehicle involved was an active accessory in causing her injuries, the first prong of the *Klug* test has not been met.

In *Royal*, the vehicle was simply the situs for the gun. The insured vehicle in

---

3. *Continental Western Ins. Co. v. Klug*, 415 N.W.2d 876 (Minn.1987).

4. *See Nationwide Gen. Ins. Co. v. Royal*, 700 A.2d 130, 132 (Del.1997).

5. *Id.*

6. *Id.* at 131.

7. *Id.* at 132.

8. *Id.*

9. *Sanchez v. Am. Indep. Ins. Co.*, 2005 WL 2662960 (Del. Oct. 17, 2005).

10. *Id.* at *1.

11. *Id.*

12. *Id.* at *2.

this case was merely the situs of the garage door opener. As in *Royal*, Campbell's inability to satisfy the first prong of the *Klug* test is dispositive. The Superior Court correctly determined that this garage door incident was not an automobile accident and that Campbell's injuries did not occur from the ownership, maintenance or use of a motor vehicle.

### PIP Coverage Inapplicable

The Superior Court also held that because Campbell was not injured as a result of the use of the insured vehicle, she was neither an occupant nor a pedestrian under the PIP statute and should be denied PIP benefits. Campbell argues that she was a "pedestrian" as she was travelling on foot at the time of her injury and was injured as a result of the insured vehicle, thereby entitling her to PIP coverage. Section 2118(a)(2)e states: "The coverage required in this paragraph shall apply to pedestrians only if they are injured by an accident with any motor vehicle within the State...."[13] Accordingly, Campbell must be a "pedestrian ... injured by an accident with any motor vehicle" to qualify for PIP coverage under the statute. The record reflects that Campbell's injury was caused by contact with a garage door, not with or by any vehicle. Therefore, the Superior Court properly held Campbell was not eligible for PIP benefits under title 21, section 2118 of the Delaware Code and the State Farm policy.

### Conclusion

The judgment of the Superior Court is affirmed.

---

13. Del.Code Ann. tit. 21, § 2118(a)(2)e.